# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

**No. 96-40093**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JAVIER RUIZ-AVILES,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-95-CR-7-1)
_____

January 13, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Javier Ruiz-Aviles appeals his conviction for using or carrying a firearm

during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Appellant

contends that in light of *Bailey v. United States*, ___ U.S. ___, 116 S.Ct. 501 (1996), decided after

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

his trial, the district court's instruction on this count was in error. Since any error did not affect substantial rights of the appellant, we affirm.

During surveillance of a cargo ship and adjacent dock in Galveston, Texas, federal customs agents spotted appellant standing on the gangway next to the ship carrying three large bundles. The agents stopped appellant as he tried to exit a gate outside a guard shack. Agents found four packages of cocaine in appellant's black duffle bag, seven packages of cocaine inside a white rice bag, and seven packages of cocaine inside a pair of blue jeans tied together with a rope. Agents also found a loaded, .38-caliber pistol inside a zipped pouch in the black duffle bag. Appellant testified at trial that he had stowed away on the ship, had found the cocaine and intended to turn it over to the guards, and had no knowledge of the gun in the duffle. The jury convicted appellant of importation of cocaine, possession of cocaine with intent to distribute, and using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to concurrent 151-month terms of imprisonment for the possession and importation offenses, a consecutive 60-month term for the firearm offense, a $4000 fine, and a $150 special assessment.

Appellant argues that the jury was not properly instructed on the "use" prong of § 924(c), since a jury could have convicted him under this prong without finding that he actively employed the firearm in relation to the drug trafficking offense. In *Bailey*, the Supreme Court held that "use" under § 924(c) is more than mere possession, and must involve the active employment of the firearm during and in relation to the offense. ___ U.S. at ___, 116 S.Ct. at 505-06. The relevant jury instructions in this case were as follows:

> Essential ... elements of the weapon charge. First, that the defendant committed the crime alleged in Count 1 or 2. And of course I said I

2

instruct you that possession with intent to distribute cocaine and importing cocaine are drug trafficking crimes.

Second, that the defendant used or carried a firearm during and in relationship to commission of the crime alleged in Count 1 or Count 2.

The government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove use as that term is used in these instructions.

However, you must be convinced beyond a reasonable doubt that the firearm played a role or facilitated the commission of a drug offense. In other words, you must find that the firearm was an integral part of the drug offense charged.
...

The Government is only obligated to show that the firearm was available to provide protection to the defendant in connection with his engagement in drug trafficking, if that is what you found.

The fact that a weapon is unloaded or inoperable does not insulate a defendant if you find that ... the firearm in question was available to provide protection to the defendant's drug activities.

Possession of a gun, though never displayed or referred to, can nevertheless support a conviction for carrying a firearm in relation to the crime if [from] the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose, or to make his escape.

R. 3, 10-11. Appellant did not object to these instructions at trial.

Under Fed. R. Crim. P. 52(b), this court reviews forfeited errors under the plain error standard, which requires appellant to show that: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 730-36 (1993)), *cert. denied*, 115 S.Ct. 1266 (1995); Fed. R. App. Proc. 52(b). If an appellant makes the required showings, then this court has

discretion to reverse the convictions if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Olano*, 507 U.S. at 736.

The court's instructions on use of a firearm, taken as a whole, do not convey the active employment definition as articulated by *Bailey*. *United States v. Brown*, 49 F.3d 135, 137 (5th Cir. 1995) (appellate court must determine if jury instruction "as a whole, is a correct statement of the law applicable to the factual issues confronting them") (internal quotations and citations omitted). We will assume that plainness of error is determined as of the time of appeal. *See Calverley*, 37 F.3d at 162-63, n. 18; *United States v. Rivas*, 85 F.3d 193, 195 n. 1 (5th Cir.) (newly announced rule applies to criminal cases on direct appeal) (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987)), *cert. denied sub nom. Rivas v. U.S.*, ___ S.Ct. ___, 1996 WL 664793 (1996).

However, even making such assumptions, appellant has not shown a violation of a substantial right. "*Olano* counsels that in most cases the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding."[2] *Calverley*, 37 F.3d at 164. Appellant has the burden of persuasion on this issue. *Id.*

Appellant was also indicted under the carrying prong of § 924(c), and, given the court's instructions and the facts of the case, the jury must have found facts constituting a violation of the carrying prong. The only evidence from which the jury could have concluded that appellant violated either prong of § 924(c) is the presence of the loaded gun in the pocket of the duffle bag that

---

[2] Contrary to appellant's assertions, this instruction is not a structural error requiring automatic reversal. *Pope v. Illinois*, 481 U.S. 497, 502-04, 107 S.Ct. 1918, 1922-23 (1987) (erroneous jury instruction subject to harmless error review). This situation is distinct from a case where there is not a legitimate jury verdict on every element of the offense. *Cf. Sullivan v. Louisiana*, 508 U.S. 275, 278-81, 113 S.Ct. 2078, 2080-82 (1993); *United States v. Pettigrew*, 77 F.3d 1500, 1511 (5th Cir. 1996).

4

appellant was carrying. To convict appellant, the jury had to disbelieve his claim that he merely found the drugs and had no knowledge of the gun. Furthermore, the jury was instructed that the firearm had to be an integral part of the drug trafficking offense regardless of which prong of § 924(c) was applicable. Thus, to convict appellant under the "use" prong of § 924(c), even under the expansive "available to provide protection" instruction, the jury must have found that appellant carried the gun in the duffle and that the gun was an integral part of the drug offenses. In other words, the jury must have found that appellant carried the firearm during and in relation to the underlying drug offenses. Given the indictment under the carrying prong, the erroneous instruction did not have any effect on the verdict. Appellant has failed to show a violation of a substantial right.

Our court's recent decision in *United States v. Fike*, 82 F.3d 1315, 1327-28 (5th Cir. 1996), does not compel a different conclusion. In *Fike*, the defendant challenged the sufficiency of the evidence to sustain his conviction under § 924(c). *Id.* at 1327. The court found the evidence insufficient under the use prong, but sufficient under the carry prong. *Id.* at 1328. However, because the jury might have based its verdict on a legally insufficient basis, the court reversed Fike's conviction and remanded for a trial on the carrying prong. *Id.* In contrast, appellant makes no argument that the evidence was insufficient to sustain his conviction under either prong of § 924(c) and we have no occasion to address that question. Appellant only argues that the jury instructions were in error and *could have* allowed a jury to convict him on insufficient evidence of use. Although we agree that the instructions were partially incorrect, appellant is not entitled to a reversal because the only route to a finding of use under the court's instruction and the facts of this case is a

concomitant finding that appellant carried a weapon during and in furtherance of the underlying offense.  Thus, appellant can not show prejudice or, consequently, the violation of a substantial right.

Even if appellant could show a violation of a substantial right, we would decline to exercise discretion to reverse appellant's conviction.  In plain error review, we exercise discretion to reverse only where the error affects the fairness, integrity or public reputation of judicial proceedings. *Olano*, 507 U.S. at 736.  This case does not present an actual injustice that warrants the exercise of discretion to reverse appellant's conviction.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.